**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JOHN GOODEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-CV-618-GKF-FHM |
| ) | |
| OMNI AIR TRANSPORT L.L.C. AND ) | |
| OMNI AIR INTERNATIONAL, INC., ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This matter comes before the Court on the Motion to Dismiss Plaintiff's First and Second Causes of Action and Negligent Infliction of Emotional Distress in Plaintiff's Fourth Cause of Action [Docket No. 9] filed by defendants Omni Air Transport L.L.C. and Omni Air International, Inc. ("Omni").

**I.      Factual Background**

Omni engages in the air charter business and is governed by the regulations imposed by the Federal Aviation Administration ("FAA"). (Complaint [Docket No. 2], ¶ 5). Plaintiff John Gooden ("Gooden") was formerly employed by Omni as the Director of Maintenance. (*Id.*, ¶ 6). As part of Gooden's job duties, he was responsible for ensuring Omni's compliance with FAA maintenance requirements on the charter aircraft. (*Id.*). Gooden alleges that during the course of his employment, Omni was not in compliance with various FAA maintenance requirements, and that Omni resisted investment in necessary tools and equipment for aircraft maintenance and instead "borrowed" the equipment from other aircraft companies in order to appear to be in compliance with FAA and OSHA standards. (*Id.,* ¶¶ 6, 7). Gooden claims that he repeatedly informed Omni of the violations and urged it to self-disclose the violations to the FAA. (*Id.,* ¶ 6).

Gooden's employment was terminated by Omni on July 24, 2006. (*Id.*, ¶ 8). On November 6, 2006, Gooden filed this action, alleging that he was terminated because Omni believed he would self-disclose Omni's violations of FAA regulations. (*Id.*). Gooden's four causes of action against Omni are: (1) wrongful termination-- public policy violations; (2) tortious interference with employment and/or economic advantage; (3) breach of contract; and (4) intentional or negligent infliction of emotional distress.

## II.     Motion to Dismiss

Omni seeks dismissal of Gooden's claims for wrongful termination in violation of public policy, tortious interference with employment and/or economic advantage, and negligent infliction of emotional distress, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief may be granted.

### A.     Standard

When deciding a motion to dismiss for failure to state a claim, "courts should look to specific allegations in the complaint to determine whether they plausibly support a claim for relief." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 n. 2 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, --- U.S. ---, ---, 127 S.Ct. 1955, 1964-65 (2007)). For purposes of this analysis, courts must "accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Calderon v. Kansas Dept. of Social & Rehabilitative Services*, 181 F.3d 1180, 1183 (10th Cir. 1999); *see also Dill v. City of Edmond*, 155 F.3d 1193, 1201 (10th Cir. 1998).

### B.     Wrongful Termination In Violation of Public Policy

The Oklahoma Supreme Court, in *Burk v. K-Mart Corp.*, created a narrow exception to the

doctrine of at-will employment by restricting employers from terminating employees who refuse to act in violation of an established and well-defined public policy or perform an act consistent with a clear and compelling public policy. 770 P.2d 24, 29 (Okla. 1989). The cause of action, known as a "*Burk* tort," applies only in a narrow class of cases and must be tightly circumscribed. *Id.* In order to prevail on such a claim, "a plaintiff must first identify an Oklahoma public policy goal that is clear and compelling and articulated in existing constitutional, statutory or jurisprudential law." *McCrady v. Oklahoma Dept. of Public Safety*, 122 P.3d 473, 475 (Okla. 2005) (citing *Clinton v. State ex rel. Logan County Election Bd.*, 29 P.3d 543, 546 (Okla. 2001)).

Omni argues that Gooden's *Burk* claim is deficient as a matter of law because it fails to identify a clear and compelling Oklahoma public policy goal. Whether a plaintiff has identified a clear mandate of Oklahoma public policy is a question of law to be resolved by the court. *See e.g. Clinton*, 29 P.3d at 546; *McCrady*, 122 P.3d at 475; *Hayes v. Eateries, Inc.*, 905 P.2d 778, 785 (Okla. 1997). "[C]ourts will be able to screen cases on motions to dismiss for failure to state a claim or for summary judgment if the discharged employee cannot allege a clear expression of public policy." *Burk*, 770 P.2d at 29 (quotation omitted).

Omni contends that Gooden relies solely on federal statutes and regulations as the expression of Oklahoma public policy. Omni argues, and Gooden concedes, that federal law alone cannot serve as the basis for Oklahoma public policy claims. For example, in *McKenzie v. Renberg's, Inc.*, the Tenth Circuit Court of Appeals determined that a *Burk* cause of action which is based upon federal law for the articulation of Oklahoma public policy falls short of establishing a claim. 94 F.3d 1478, 1487 (10th Cir. 1996), *cert. denied*, 520 U.S. 1186, 117 S. Ct. 1468 (1997). The Oklahoma Supreme Court subsequently noted its agreement with the decision in *McKenzie*, stating that "a federal statute

3

cannot serve as an articulation of Oklahoma public policy, absent a specific Oklahoma decision, statute or constitutional provision." *Griffin v. Mullinix*, 947 P.2d 177, 179 (Okla. 1997) (answering certified question from the United States District Court for the Western District of Oklahoma); *see also Richmond v. ONEOK, Inc.*, 120 F.3d 205, 210 (10th Cir. 1997) (*Burk* claims must have their basis in Oklahoma state law).

Notably, the Oklahoma Supreme Court recently took "the opportunity to eliminate the confusion" about "whether a federal statute, standing alone, may provide a sufficient policy basis upon which to rest a *Burk* tort." *Darrow v. Integris Health, Inc.*, --- P.3d ---, 2008 WL 187389, at *3 (Okla., Jan. 15, 2008). The *Darrow* court recognized the *McKenzie* and *Griffin* opinions and made it clear that "[a] federal statute, standing alone, does not articulate Oklahoma's public policy. Only a specific Oklahoma court decision, state legislative or constitutional provision, or a provision in the federal constitution that prescribes a norm of conduct of the state can serve as a source of Oklahoma's public policy." 2005 WL 187389, at *4. In *Darrow*, the court rejected the plaintiff's claims that he was wrongfully discharged for reporting possible Medicare fraud.

In determining whether Gooden has alleged a clear expression of Oklahoma public policy, we must be mindful of the Oklahoma Supreme Court's direction that the *Burk* exception is narrow and must be tightly circumscribed. *Griffin*, 947 P.2d at 179. In addition, we may not create policy outside the legislative channels charged with that responsibility. *Id.* at 180. "The Oklahoma Legislature, not this Court or Congress, is primarily vested with the responsibility to declare the public policy of this state." *Id.* at 179.

Accepting all the allegations in the Complaint as true and construing them in the light most favorable to Gooden, it is evident to the Court that Gooden's *Burk* cause of action is based entirely

upon federal law. Gooden alleges that while he was employed by Omni, (i) he was responsible for compliance with FAA regulations involving maintenance of charter aircraft; (ii) he became aware that Omni was not in compliance with FAA maintenance requirements; (iii) he repeatedly informed Omni about the FAA violations and safety concerns; (iv) he urged Omni to self-disclose the violations to the FAA; and (v) he was ultimately terminated for reporting safety violations and because Omni believed he was going to self-disclose the violations to the FAA. (Complaint [Docket No. 2], ¶¶ 6-8). The safety violations identified by Gooden include Omni's failure to properly record maintenance information for each charter aircraft (pursuant to Federal Aviation Regulation 43.9), failure to maintain a FAA approved minimum equipment list, failure to properly report or record the deferral of maintenance requirements for fear of grounding by the FAA inspectors, and failure to purchase necessary maintenance tools and equipment required by the FAA. (*Id.*, ¶¶ 6, 7).

In his Complaint, Gooden vaguely states that his termination was "contrary to the law in Oklahoma," and that public policy in Oklahoma prohibits his termination because his actions and conduct "were in all respects honorable and proper" and "are to be encouraged under the law." (*Id.*, ¶ 12). While Gooden's actions may be considered honorable and proper, Gooden fails to specify any Oklahoma law-- whether a specific Oklahoma decision, statute or constitutional provision-- which demonstrates that Gooden performed an act consistent with a clear mandate of Oklahoma public policy.

In response to Omni's motion to dismiss, Gooden cites three Oklahoma statutes from which the necessary articulation of Oklahoma public policy might be derived.[1] One statute, 3 *Okla. Stat.* § 102, found in Oklahoma's Airport Zoning Act and provides that the creation of an "airport hazard"

---

[1] These statutes were not identified or otherwise pled in Gooden's Complaint.

is a public nuisance that interferes with the utility of airports. 3 *Okla. Stat.* § 102. An "airport hazard" is defined as "any structure, object of natural growth or use of land which obstructs the airspace required for the flight of aircraft in landing or taking off at an airport or is otherwise hazardous to such landing or taking off of aircraft." 3 *Okla. Stat.* § 101(2). Section 102 permits political subdivisions and the Commission to raise and expend public funds to prevent, eliminate, remove, alter or mark airport hazards. 3 *Okla. Stat.* § 102. The other statutes cited by Gooden, 3 *Okla. Stat.* §§ 83 and 85, are found in Oklahoma's Aeronautics Commission Act. The purpose of the Act is to "further the public interest in aeronautical progress." 3 *Okla. Stat.* § 83. The Act provides in part that the Oklahoma Aeronautics Commission is empowered "to encourage, foster, and assist in the development of aeronautics in this state and to encourage the establishment of airports and air navigation facilities." 3 *Okla. Stat.* §§ 85(A).

None of the Oklahoma State statutes referenced by Gooden regulate the maintenance of charter aircraft, the recording of aircraft maintenance, the equipment or tools necessary for aircraft maintenance, or the standards for grounding charter aircraft. In order to establish that Oklahoma has a strong public policy that would prevent Gooden's termination, the statute identified must govern the employer (Omni) and must apply to the conduct in question. *See Wilburn v. Mid-South Health Dev., Inc.*, 343 F.3d 1274, 1279 (10th Cir. 2003) (Courts must determine what laws govern the employer's facility in order to determine what laws may be considered in deciding whether Oklahoma has a strong public policy that would prevent the employee's termination).[2]

Because federal law, standing alone, does not provide a sufficient policy basis upon which

---

[2] Similarly, because Oklahoma's Occupational Safety and Health Act, 40 *Okla. Stat.* § 401, *et seq.* ("OSHA") applies only to public employers, it is not an adequate basis upon which to premise a *Burk* tort against a private employer. *Griffin*, 947 P.2d at 179-180.

6

to rest a *Burk* tort, and because Gooden fails to identify a clear expression of Oklahoma public policy in support of his claim, the Court concludes that Omni's motion to dismiss Gooden's first cause of action for wrongful termination in violation of public policy should be GRANTED.[3]

### B. Tortious Interference with Employment and/or Economic Advantage

To establish a cause of action for malicious interference with contract or business relations, it is essential that the plaintiff demonstrate the existence of a business or contractual right with which there was interference. *Green Bay Packaging, Inc. v. Preferred Packaging, Inc.*, 932 P.2d 1091, 1096 (Okla. 1996). Further, the business or contractual right with which there was interference must be with a third party. *Gabler v. Holder and Smith, Inc.*, 11 P.3d 1269, 1278 (Okla. Civ. App. 2000) (citing *Navistar Int'l Transp. Corp. v. Vernon Klein Truck & Equip.*, 919 P.2d 443 (Okla. Civ. App. 1994); Restatement (Second) of Torts § 766); *see also Ray v. Am. Nat'l Bank & Trust Co. of Sapulpa*, 894 P.2d 1056, 1060 (Okla. 1994) ("A cause of action for wrongful interference with contract can arise only when one who is not a party to a contract interferes with that contract by convincing one of the contracting parties to breach its terms").

Gooden's claim for tortious interference is based upon the allegation that Omni interfered with Gooden's employment relationship with *Omni*. (Complaint [Docket No. 2], ¶ 17). The Complaint fails to identify any contract or business relation that existed between Gooden and any third party. Because Gooden's claim is void of any allegations that Omni interfered with a contract between Gooden and a third party, the Court finds that Omni's motion to dismiss Gooden's claim for tortious interference with employment and/or economic advantage should be GRANTED.

---

[3] Omni's remaining arguments related to dismissal of Gooden's cause of action for wrongful termination in violation of public policy are hereby moot.

## C. Negligent Infliction of Emotional Distress

As his Fourth Cause of Action, Gooden asserts a claim for "Intentional or Negligent Infliction of Emotional Distress." Omni correctly submits in its motion to dismiss, and Gooden concedes, that Oklahoma does not recognize negligent infliction of emotional distress as an independent tort. *See e.g. Kraszewski v. Baptist Med. Ctr. of Oklahoma, Inc.*, 916 P.2d 241, 243 n. 1 (Okla. 1996); *Taylor v. Pepsi-Cola Co.*, 196 F.3d 1106, 1111 (10th Cir. 1999). While Oklahoma does not recognize negligent infliction of emotional distress as an independent tort, it "is in effect the tort of negligence." *Mason v. Bd. of Regents of the Univ. of Oklahoma*, 23 P.3d 964, 969 (Okla. Civ. 2001) (citing *Lockhart v. Loosen*, 943 P.2d 1074, 1081 (Okla. 1997)); *see also Wilson v. Muckala*, 303 F.3d 1207, 1213 (10th Cir. 2002) (negligent infliction of emotional distress is not an independent tort, but is in effect the tort of negligence).

Although Gooden has titled his cause of action as negligent infliction of emotional distress (a claim which is not recognized in Oklahoma), the Court finds that the cause of action should be construed as one for negligence. This finding is consistent with *Mason* and *Wilson*, *supra*. Gooden's Complaint contains sufficient facts, when construed in a light most favorable to the non-moving party, to at least infer the legally recognized claim of negligence. Further, the facts pled by Gooden provide Omni with sufficient notice, as required by Federal Rule of Civil Procedure 8(a), to develop a defense.[4] "[M]any federal courts have held that a complaint is sufficient against a motion to dismiss under Rule 12(b)(6), if it appears from the complaint that the plaintiff may be entitled to any form of relief, even though the particular relief he has demanded and the theory on

---

[4] Federal Rules of Civil Procedure 8(a)(2) requires "[a] pleading that states a claim for relief [to] contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

8

which he seems to rely are not appropriate." 5 C. Wright & A. Miller, Federal Practice & Procedure, § 1219 at 194 (1990); *see also Evans v. McDonald's Corp.*, 936 F.2d 1087, 1090 (10th Cir. 1991).

Therefore, Omni's motion to dismiss Gooden's claim for negligent infliction of emotional distress is DENIED. Gooden's cause of action for negligent infliction of emotional distress shall be construed as a claim for negligence.[5]

**WHEREFORE**, Omni's Motion to Dismiss Plaintiff's First and Second Causes of Action and Negligent Infliction of Emotional Distress in Plaintiff's Fourth Cause of Action [Docket No. 9] is GRANTED in part and DENIED in part in accordance with this Opinion and Order.

**IT IS SO ORDERED** this 10th day of March 2008.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma

---

[5] Gooden's claim for Intentional Infliction of Emotional Distress is not the subject of a motion to dismiss and remains intact.