IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN GOODEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 06-CV-618-GKF-FHM |
| OMNI AIR TRANSPORT L.L.C., and ) | |
| OMNI AIR INTERNATIONAL, INC., ) | |
| ) | |
| Defendants. ) | |

**O P I N I O N  A N D  O R D E R**

This matter comes before the Court on Defendants' Motions for Summary Judgment on Plaintiff's claims for (1) intentional infliction of emotional distress; (2) negligence; and (3) breach of contract. (Doc. Nos. 31 & 32). For the reasons set forth below, this Court declines to exercise supplemental jurisdiction over Plaintiff's claims. Plaintiff's claims are dismissed without prejudice under 28 U.S.C. § 1367(c)(3) (2006).

**I. Factual Background**

Omni engages in the air charter business and is governed by the regulations imposed by the Federal Aviation Administration ("FAA"). (Complaint [Doc. No. 2], ¶ 5). Plaintiff John Gooden ("Gooden") was formerly employed by Omni as the Director of Maintenance. (*Id.*, ¶ 6). As part of Gooden's job duties, he was responsible for ensuring Omni's compliance with FAA maintenance requirements on the charter aircraft. (*Id.*). Gooden alleges that during the course of his employment, Omni was not in compliance with various FAA maintenance requirements, and that Omni resisted investment in necessary tools and equipment for aircraft maintenance and instead "borrowed" the equipment from other aircraft companies in order to appear to be in

compliance with FAA and OSHA standards. (*Id.*, ¶¶ 6, 7). Gooden claims that he repeatedly informed Omni of the violations and urged it to self-disclose the violations to the FAA. (*Id.*, ¶ 6).

Gooden's employment was terminated by Omni on July 24, 2006. (*Id.*, ¶ 8). On November 6, 2006, Gooden filed this action, alleging that he was terminated because Omni believed he would self-disclose Omni's violations of FAA regulations. (*Id.*). Gooden's original four causes of action against Omni were: (1) wrongful termination in violation of public policy; (2) tortious interference with employment and/or economic advantage; (3) breach of contract; and (4) intentional or negligent infliction of emotional distress. (Doc. No. 2). In an Opinion and Order issued on March 10, 2008, this Court dismissed Gooden's claims for (1) wrongful termination and (2) tortious interference with employment and/or economic advantage, and the Court construed Gooden's negligent infliction of emotional distress claim as a claim for negligence. (Opinion and Order [Doc. No. 23]). Gooden's remaining causes of action are all state law claims: (1) intentional infliction of emotional distress; (2) negligence; and (3) breach of contract.

## II. Supplemental Jurisdiction

### A. Standard

Pendent jurisdiction "is a doctrine of discretion, not of plaintiff's right." *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 172 (1997) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966)). Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction if the district court has dismissed all claims over which it has original jurisdiction. The relevant statutory language is:

**28 U.S.C. § 1367 Supplemental Jurisdiction**

(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if–

(3) the district court has dismissed all claims over which it has original jurisdiction

This Court has discretion as to whether it will decline supplemental jurisdiction on Gooden's remaining state law claims. *See Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1165 (10th Cir. 2004) ("Even where a 'common nucleus of operative fact' exists, federal jurisdiction is not mandatory over pendent claims or parties."); *Bauchman for Bauchman v. West High School*, 132 F.3d 542, 549 (10th Cir. 1997) ("Pendent jurisdiction is exercised on a discretionary basis, keeping in mind considerations of judicial economy, convenience and fairness to the litigants.") (citing *Gibbs*, 383 U.S. at 726; *Ashley Creek Phosphate Co. v. Chevron USA, Inc.*, 315 F.3d 1245, 1264 n.18 (10th Cir. 2003) ("[D]eciding dispositive motions addressed to pendent state law claims [is not favored,] unless it appears that a federal claim will proceed to trial, or a decision is necessary because of some peculiar aspect of the case."). According to the United States Supreme Court, when deciding whether to exercise supplemental jurisdiction, a federal court should consider and weigh in each case, and at every stage in the litigation, the values of "judicial economy, convenience, fairness, and comity." *Gibbs*, 383 U.S. at 726. If federal claims are dismissed before trial, leaving only issues of state law, "the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Bauchman*, 132 F.3d at 549 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *Gibbs*, 383 U.S. at 726).

**B. No Federal Issues Remaining**

In the Order dismissing Gooden's first two causes of action, the Court dismissed Gooden's claims that arguably involved a federal question. (Doc. No. 23). The remaining claims arise under state law and do not "depend[] on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). The claims are state common law tort and breach of contract claims. This Court should defer to the state courts to decide the remaining issues of state law. The parties may agree to use the discovery already taken, and the motions for summary judgment on state law issues may be efficiently decided by the state court. *See Harrison v. Landmark Cmty. Publ'ns of Tenn.*, 892 F. Supp. 199 (E.D. Tenn. 1995) (declining to exercise supplemental jurisdiction over former employee's claim under Tennessee law for procurement of breach of employment contract, following the dismissal of all claims over which it had original jurisdiction; court noted little judicial economy would be lost by requiring litigation in Tennessee state court, as parties could agree to use discovery they had already taken, and issue presented was one purely of Tennessee law.).

### III. Conclusion

For the reasons set forth above, it is ORDERED that the Plaintiff's remaining claims against the Defendants, which arise under Oklahoma law, are DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1367(c)(3). Defendants' Motions for Summary Judgment (Doc. Nos. 31 & 32) are MOOT and may be renewed in state court.

ENTERED this 11th day of June, 2009.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma